IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. |
| | ) | 1:23-CR-236-JPB-JEM |
| FLOYD BARROW | ) | |
| | ) | |

**PRELIMINARY MOTION TO DISMISS THE INDICTMENT BASED ON *BRUEN***

COMES NOW the Defendant, FLOYD BARROW, by and through undersigned counsel, and files this preliminary to motion to dismiss the indictment against him based on the recent precedent of *New York Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022). In support thereof, Mr. Barrow states the following.

Count Two of the indictment charges Mr. Nelson with possessing ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). The Second Amendment to the United States Constitution states, "A well regulated [m]ilitia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., Amend. II. In *Bruen*, the Supreme Court set out "the standard for applying the Second Amendment" as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The

1

> government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command.

*Bruen*, 142 S. Ct. at 2129–30. In so holding, the Supreme Court rejected lower courts' use of means-end scrutiny in Second Amendment cases. *See id.* at 2125–27 & n.4 (abrogating *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012)). "Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127. The Government must demonstrate that the law is analogous to a gun restriction from the Nation's early history. *See Bruen*, 142 S.Ct. at 2125.

Mr. Barrow moves to dismiss the indictment, because the Government cannot bear of burden of demonstrating that there is a tradition dating to early history of this nation of prohibiting persons from possessing arms that have the capability of firing automatically. Mr. Barrow requests leave of the Court to supplement this motion.

WHEREFORE, Mr. Barrow requests that this motion be granted.

Dated: This 24th day of August, 2023.

> Respectfully submitted,
>
> *s/ Kendal D. Silas*
> KENDAL D. SILAS
> State Bar of Georgia No. 645959
> Attorney for FLOYD BARROW

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303; 404/688-7530

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Preliminary Motion to Dismiss the Indictment Based on *Bruen* was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

>Richard Beaulieu, Esq.
>Assistant United States Attorney
>Northern District of Georgia
>Federal Courthouse, Ste. 600
>75 Ted Turner Drive, S.W.
>Atlanta, GA 30303

Dated: This 24th day of August, 2023.

>s/ Kendal D. Silas
>KENDAL D. SILAS, Esq.
>Attorney for FLOYD BARROW

4